**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MARY MCMULLEN ROSS | : | CASE NUMBER A15-63991-JRS |
| DEBTOR | : | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO**
**CONFIRMATION AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible.  11 U.S.C. 1325(a)(6).

2.

The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).  (61 months).

3.

Debtor has retained possession and/or use of four (4) credit card(s), without court approval, 11 U.S.C. Section 1305(c).

4.

The Trustee requests proof of income and also requests that Debtor appear at the Confirmation hearing with additional proof of Social Security Identification in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B).

5.

The Chapter 13 Schedules fail to include and notice a debt owed to Bruce Lynn in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. 342.

Case 15-63991-jrs    Doc 17    Filed 09/17/15    Entered 09/17/15 09:54:51    Desc
Page 2 of 3

6.

Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility. 11 U.S.C. Section 1325(a)(6). (Debtor does not receive income from Fulton County Sheriff's Department.)

7.

The Chapter 13 plan proposes to pay $4,345.00 to the Debtor's attorney for payment of attorney fees.  Due to the apparent lack of complexity of the case, the Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

8.

The Chapter 13 composition plan proposes to pay a debt of $22,003.00 for a vehicle purchased on or about February 2014, thereby indicating a lack of good faith in proposing a repayment plan in violation of 11 U.S.C. Section 1325(a)(3).

9.

The plan fails to treat Bruce Lynn in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

Respectfully submitted,

/s/
Julie M. Anania,
Attorney for Chapter 13 Trustee
GA Bar No. 477064
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201

/mam

## CERTIFICATE OF SERVICE

Case No:  A15-63991-JRS

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s):**
MARY MCMULLEN ROSS
276 KRISTEN COURT
CONYERS, GA  30012

**Attorney for the Debtor(s):**
THE SEMRAD LAW FIRM, LLC
SUITE 3600
101 MARIETTA STREET, NW
ATLANTA,, GA  30303

This the 17th day of September, 2015.

/s/_____

   Julie M. Anania
   Attorney for the Chapter 13 Trustee
   State Bar No. 477064
   303 Peachtree Center Avenue, NE
   Suite 120
   Atlanta, GA 30303
   678-992-1201