UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MARY MCMULLEN ROSS, | ) | 15-63991 JRS |
| | ) | |
| | ) | |
| | ) | JUDGE: SACCA |
| Debtor. | ) | |

**DEBTOR'S AMENDMENT TO CHAPTER 13 SCHEDULES, SUMMARY OF SCHEDULES AND STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA, AND ATTORNEY DISCLOSURE (28 U.S.C. SECTION 159)**

COMES NOW Debtor, Mary McMullen Ross, and amends these Chapter 13 Schedules, Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data and Attorney Disclosure (28 U.S.C. Section 159) as attached, to provide the following:

1.

Debtor amends Schedules D as attached.

2.

Debtor amends Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. Section 159) to reflect correct amounts.

3.

Debtor amends Attorney Disclosure.

WHEREFORE, Debtor prays that this Amendment be allowed, and for such other and further relief as the Court deems appropriate and just.

Dated: September 30, 2015                                     /s/
                                                              Ian Grady
                                                              GA Bar No. 988358
                                                              The Semrad Law, LLC
                                                              Suite 3600
                                                              101 Marietta Street, NW
                                                              Atlanta, GA 30303

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MARY MCMULLEN ROSS, | ) | 15-63991 JRS |
| | ) | |
| | ) | |
| | ) | JUDGE: SACCA |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I am more than 18 years of age and that I have this day served a copy of the within amended schedules upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery:

*Debtor*
*(Via Hand Delivery)*
**Mary McMullen Ross**
276 Kristen Court
Conyers, GA 30012

I further certify that, by agreement of parties, **Nancy J. Whaley**, Standing Chapter 13

Trustee, was served via ECF

This Wednesday, September 30, 2015

/s/
Ian Grady
GA Bar No. 988358
The Semrad Law, LLC
Suite 3600
101 Marietta Street, NW
Atlanta, GA 30303

## **Supplemental Matrix**

Bruce Lynn
POB 1906
Lithonia, GA 30058

B6D (Official Form 6D) (12/07)

In re  **Mary McMullen Ross**, Case No. **15-63991**
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx3191** <br><br> **Bruce Lynn** <br> **POB 1906** <br> **Lithonia, GA 30058** | | - | **Judgment Lien** <br><br> **All real and personal property** <br><br><br> Value $ 0.00 | | | | 1,183.00 | 1,183.00 |
| Account No. | | | <br><br><br> Value $ | | | | | |
| Account No. | | | <br><br><br> Value $ | | | | | |
| Account No. | | | <br><br><br> Value $ | | | | | |

__0__ continuation sheets attached

| | Subtotal (Total of this page) | 1,183.00 | 1,183.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 1,183.00 | 1,183.00 |

# United States Bankruptcy Court
## Northern District of Georgia

In re **Mary McMullen Ross**                                              Case No. **15-63991**
                                Debtor(s)                                  Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept (**Costs Include: $4,100.00 Attorney Fees; $310.00 Filing Fee; $27.00 Credit Report; $20.00 Copies; $18.00 Credit Counseling; $10.00 Tax Transcript**)         $     4,385.00

   Prior to the filing of this statement I have received          $       140.00

   Balance Due                                                    $     4,245.00

2. The source of the compensation paid to me was:
   [✓] Debtor    [ ] Other (specify):

3. The source of compensation to be paid to me is:
   [✓] Debtor    [ ] Other (specify):

4. [✓] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Post-Confirmation Plan Modification $500.00
   Motion to Excuse Plan Payments $500.00
   Defending Post Confirmation Motions to Modify the Stay:
     No insurance or default in plan terms $300.00
     Payment disputes $500.00
   Motion to Sell Property - $500.00
   Application to Employ Professional/Motion to Approve Compromise/Retain Proceeds - $500.00
   Motion to Incur Debt/Refinance/Approve Loan Modification - $500.00
   Motion to Reimpose Stay - $500.00
   Trustee's motion to dismiss(post bar review) - $300.00
   Motion to Vacate Dismissal/Reopen Case - $500.00 plus cost.
   Motion to Retain Tax Refund - $500.00
   Letter to Retain Tax Refund - $250.00
   Post-Bar Review Objection to Claim $300.00
   Objection to Fees per rule 3002.1- $300/Hr
   Motion for Damages/Stay Violation $300.00/Hr
   Adversary Proceeding - $300.00/Hr
   Appellate Practice - $300.00/Hr
   Services after Conversion to Chapter 7**

In re  **Mary McMullen Ross**  Case No.  _____

Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

**CERTIFICATION**

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. Pursuant to General Order No. 6-2006, I certify that I provided to the debtor(s) a copy of the "Rights and Responsibilities Statement Between Chapter 13 Debtors and Their Attorneys."

Dated: **July 27, 2015**

/s/ Ian Grady
**Ian Grady 988358**
**The Semrad Law Firm, L.L.C.**
**101 Marietta Street NW**
**Suite 3600**
**Atlanta, GA 30303**
**678-668-7160   Fax: 877-601-7063**
atlcourtdocs@gmail.com

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Northern District of Georgia

In re  **Mary McMullen Ross**, Debtor

Case No. **15-63991**

Chapter **13**

# SUMMARY OF SCHEDULES - AMENDED

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 19,045.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 23,186.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 188,659.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 4,901.50 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 4,381.00 |
| Total Number of Sheets of ALL Schedules | | 14 | | | |
| | | Total Assets | 19,045.00 | | |
| | | | Total Liabilities | 211,845.00 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Northern District of Georgia

In re  **Mary McMullen Ross**, Debtor

Case No. **15-63991**

Chapter **13**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 179,687.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 179,687.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 4,901.50 |
| Average Expenses (from Schedule J, Line 22) | 4,381.00 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | 3,062.25 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 9,561.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 188,659.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 198,220.00 |

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## Northern District of Georgia

In re   **Mary McMullen Ross**                                         Case No.   **15-63991**
                                    Debtor(s)                          Chapter    **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES - AMENDED

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **16**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **September 30, 2015**           Signature   **/s/ Mary McMullen Ross**
                                                    **Mary McMullen Ross**
                                                    Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
                                    18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy